UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

_____
                                   )
JAMES S. WOLF and                  )
MARY-ANN WOLF,                     )
            Petitioners,           )
                                   )
        v.                         )    CIVIL ACTION
                                   )    NO. 18-01422-WGY
ALTITUDE COSTA LLC                 )
and ALTITUDE WEST LLC,             )
jointly d/b/a ALTITUDE             )
TRAMPOLINE PARK; ALLAN S.          )
JONES; and LUKE D. JONES,          )
                                   )
            Respondents.           )
_____)

YOUNG, D.J.[1]                                    November 14, 2018

**MEMORANDUM & ORDER**

**I.   INTRODUCTION**

This case presents the novel question whether a federal court has diversity jurisdiction over a limited liability company ("LLC") member's suit against the LLC about the scope of the member's rights when the member also requests a declaratory judgment that he is an LLC member.  This Court holds that an LLC member cannot gin up jurisdiction by requesting such a declaratory judgment where both the member and the LLC agree that the member is, in fact, a member.  As a consequence, pursuant to its order of September 24, 2018, ECF No. 15, this

_____
[1] Of the District of Massachusetts, sitting by designation.

Court dismisses this case for want of subject matter jurisdiction.

## A. Factual Allegations

In summarizing the facts, this Court treats the petition's well-pleaded facts as true, draws all reasonable inferences in the petitioners' favor, and considers the petition's exhibits, but disregards the petition's conclusory allegations. See United States ex rel. Duxbury v. Ortho Biotech Prods., L.P., 579 F.3d 13, 28 (1st Cir. 2009); Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

James S. Wolf ("Mr. Wolf") is an Ohio-based investor in various domestic and international businesses. Pet. ¶ 1, ECF No. 1. In early 2015, Mr. Wolf, his brother-in-law Allan S. Jones ("Mr. Jones"), and Luke D. Jones formed Altitude Costa, LLC ("Costa") in order to start a trampoline park business in Puerto Rico. Pet. ¶¶ 5-6, 11-14, 105. That August, Mr. Wolf executed a subscription agreement to purchase 20,750 Class A LLC units in Costa. Pet. ¶¶ 43-47 & Ex. I.

Soon after making the investment, in spring 2016, Mr. Wolf noticed "some irregularities" in Costa's operations. Pet. ¶ 64. Costa also restricted Mr. Wolf's access to its information. Pet. ¶ 64. Although Mr. Wolf received a distribution of Costa's profits for the fourth quarter of 2015 and the first quarter of

2016, Mr. Wolf did not receive further distributions notwithstanding his repeated requests. See Pet. ¶¶ 58, 60, 69.

Mr. Wolf's attempts to help manage Costa appear to have frustrated the two other founding LLC members. In May 2016, Mr. Jones emailed Mr. Wolf to demand that Mr. Wolf "act like a normal investor" in Costa and its subsidiary, Altitude Costa West, LLC ("West"). Pet. ¶ 76. Mr. Wolf alleges that that summer one of Costa's managers threatened him and prevented him from accessing Costa property, at the Joneses' behest. Pet. ¶ 78.

Mr. Wolf received an email on July 28, 2016 from Mr. Jones stating that Mr. Wolf was "out of compliance" and that the "agreement are [sic] rescinded." Pet. ¶ 83. Mr. Wolf's attorney contacted Mr. Jones the next day and asserted that Mr. Wolf was a member of Costa and demanded Costa pay Mr. Wolf owed distributions. Pet. ¶ 84. Mr. Jones reaffirmed that he had rescinded "the 'proposed' Subscription and Operating Agreement" on July 30, 2016. Pet. ¶ 85. On August 1, 2016, Mr. Wolf's attorney responded to Mr. Jones that the Subscription Agreement was fully signed -- and thus effective -- and again requested Mr. Wolf's distributions. Pet. ¶ 86. Although Mr. Wolf's attorney offered to discuss the dispute in his August 1 communication, the petition reveals no response from Costa or the Joneses. Pet. ¶ 86. While the petition alleges that Mr.

Wolf's attorney and Mr. Wolf's wife, Mary-Ann Wolf, followed up with Costa and the Joneses, the petition does not describe any response from them.

Dissatisfied with Costa and the Joneses' silence, Mr. Wolf notified Costa, West, Mr. Jones, and Luke D. Jones (collectively, the "Respondents") on June 13, 2018 that he intended to invoke the subscription agreement's arbitration clause to resolve the dispute. Pet. ¶ 106. With no response on June 27, 2018, the Wolfs filed a petition to compel arbitration in this Court. Pet. ¶ 107.

### B. Procedural History

The Respondents opposed the petition on September 12, 2018. Opp'n, ECF No. 12. At a teleconference hearing on September 24, 2018, this Court sua sponte noted the potential absence of subject matter jurisdiction because the pleadings did not reveal the LLC members' citizenships. Min. Order, ECF No. 15. It therefore ordered Costa and West to supply the names and addresses of their members. Id. Instead of providing this information, however, the Respondents averred, on October 4, 2018, that Mr. Wolf is a member of Costa and asserted that an LLC member cannot bring a diversity action against the LLC. Mot. Resp. Order Docket No. 15 ¶ 3, ECF No. 16 (citing Liu v. 88 Harborview Realty, LLC, 5 F. Supp. 3d 443, 450-51 (S.D.N.Y. 2014)).

On October 4, 2018, this Court, observing that the Respondents' motion raised further jurisdictional concerns, again ordered the Respondents to provide the LLC membership lists. Order, ECF No. 17. The Respondents complied with the Court's new order that same day and stated, among other things, that Mr. Wolf was a member of Costa, but not of West. Mot. Submitting LLC Membership Lists 1-2, ECF No. 19. Subsequently, on October 15, 2018, the Wolfs filed a motion in compliance with this Court's order in which they argued that Mr. Wolf's citizenship could not be attributed to Costa because Costa did not recognize him as a member when Mr. Wolf filed his petition. Mot. Compliance Ct. Order 4, ECF No. 22.

## II. ANALYSIS

This Court lacks subject matter jurisdiction over this petition to compel arbitration. Section 4 of chapter 29 of the United States Code permits a party to petition to enforce an arbitration agreement in any district court that would have subject matter jurisdiction over the underlying controversy that the petitioner seeks arbitrated. See Vaden v. Discover Bank, 556 U.S. 49, 62-63 (2009) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983)). "The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction." Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26,

32 (1st Cir. 2012) (citing Viqueira, 140 F.3d at 16). Here, the Wolfs present for arbitration state law claims for a declaratory judgment and damages. Pet. 24-25. Accordingly, they identify only one basis for this Court to have subject matter jurisdiction: diversity of citizenship. Pet. ¶ 9 (citing 28 U.S.C. § 1332(a)(1)).

Section 1332(a)(1) provides that this Court "shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." Where, as here, multiple plaintiffs sue multiple defendants, "the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." See DCC Operating, Inc. v. Siaca (In re Olympic Mills Corp.), 477 F.3d 1, 6 (1st Cir. 2007) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806)). An LLC shares the citizenship of all its members. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam) (quoting Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006)). "Thus, in general, a plaintiff who is a member of an LLC cannot bring a diversity action against the LLC." Liu, 5 F. Supp. 3d at 450-51 (citing Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326, 330 (S.D.N.Y. 1999);

Skaaning v. Sorensen, CV. No. 09-00364 DAE-KSC, 2009 WL 3763056, at *3 (D. Haw. Nov. 10, 2009)).

Because the Wolfs and the Respondents agree that Mr. Wolf is a member of Costa, this Court lacks diversity jurisdiction. The Wolfs attempt to distinguish their case from the mine-run of lawsuits lodged by LLC members against the LLC on the ground that they seek a declaratory judgment from an arbitrator that Mr. Wolf is in fact a member of Costa. Mot. Compliance Ct. Order 3. They posit that any jurisdictional doubts are misplaced, then, for federal courts "measure[] all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." See Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004). The Wolfs insist that, at the time of filing, Mr. Wolf was not a member of Costa. Mot. Compliance Ct. Order 4.

The Wolfs' own petition, however, belies their position. In multiple paragraphs, the petition alleges that Mr. Wolf was a member of Costa. See Pet. ¶¶ 24, 40, 47, 55, 56, 57, 67, 71, 98, 111. In particular, the petition points out instances where Mr. Jones allegedly told Mr. Wolf that he was not a member and Mr. Wolf's counsel corrected him. Pet. ¶¶ 83-86. Not only does the petition allege that Mr. Wolf is a member, but also it references an attached subscription agreement purporting to

provide Mr. Wolf with membership rights in Costa, including the right to arbitrate claims against the LLC. Pet. Ex. I.

The Wolfs attempt to analogize their plight to the plaintiffs' in Symes v. Harris, 472 F.3d 754 (10th Cir. 2006), but their analogy is misplaced. There, foreign nationals sued a Colorado LLC and demanded a declaratory judgment deeming them LLC members. Id. at 757. Because that remedy would have defeated alienage jurisdiction, the district court ruled that it lacked subject matter jurisdiction over the case. Id. at 758. The Tenth Circuit reversed, holding that the district court erred by considering its jurisdiction after providing the plaintiffs' relief as opposed to its jurisdiction at the suit's onset. Id. at 759.

The Tenth Circuit's reasoning in Symes accords with this Court's analysis here. This Court does not lack jurisdiction over this action because of the remedy that this Court or an arbitrator might impose, but because the petition alleges that Mr. Wolf is a member of Costa and Costa does not deny that allegation. Compare Pet. ¶ 1 & Ex. I with Mot. Submitting LLC Membership Lists 1-2. True, the petition avers that, in 2016, Mr. Jones stated that the Subscription Agreement was rescinded. Pet. ¶ 83. But it also asserts that Mr. Wolf corrected Mr. Jones and does not allege anything about Mr. Jones's state of mind at the time of filing. Pet. ¶¶ 84-86. What's more,

unlike the Symes plaintiffs, Mr. Wolf provided documentary evidence of his LLC membership, asserts that he received membership distributions from the LLC, and claims that the LLC identified him as a member in emails. Pet. Ex. I, ¶¶ 67, 71. Considering that the Wolfs bear the burden of demonstrating subject matter jurisdiction, these conflicting allegations are not saved by the conclusory allegation that Mr. Wolf is not an LLC member. See Fabrica de Muebles, 682 F.3d at 32; Duxbury, 579 F.3d at 28.

A contrary result would open the floodgates to federal court for LLC members. In any suit where a plaintiff LLC member alleged that an otherwise diverse LLC failed to respect the plaintiff's rights, the plaintiff could add a declaratory judgment count and request that the court confirm the plaintiff's membership. Where an LLC member and the LLC dispute the contours of the LLC member's rights, those questions ought not be decided in a federal forum. See Ahmed v. Khanijow, No. 11-11887, 2011 WL 3566621, at *1 (E.D. Mich. Aug. 15, 2011) (reasoning that diversity jurisdiction was absent because the plaintiff "pleaded that he is a member of [the LLC], and the Court, for this motion, accepts that allegation as true"). In contrast, where an LLC outright denies any membership relationship with a plaintiff, those cases may be brought under

alienage or diversity jurisdiction.  See Symes, 472 F.3d at 758.

As Justice Ginsburg observed in Vaden:

> Artful dodges by a [petitioner for arbitration] should not divert [courts] from recognizing the actual dimensions of that controversy.  The text of [section 4 of Chapter 29 of the United States Code] instructs federal courts to determine whether they would have jurisdiction over "a suit arising out of the controversy between the parties"; it does not give § 4 petitioners license to recharacterize an existing controversy, or manufacture a new controversy, in an effort to obtain a federal court's aid in compelling arbitration.

556 U.S. at 68.  Notwithstanding the Wolfs' characterization, this Court rules that the actual controversy here is not whether Mr. Wolf is a member but whether Costa has fulfilled its obligations to him in that capacity.  As such, this Court lacks subject matter jurisdiction over the arbitration petition's underlying controversy and the petition itself.

## III. CONCLUSION

For the foregoing reasons, this Court dismisses the Wolfs' petition to compel arbitration for want of subject matter jurisdiction.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE